## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOHN RUSH,**

     **Plaintiff,**

**vs.**                                                              **Case No. 4:05cv236-WS/WCS**

**KERMIT NELSON, et al.,**

     **Defendants.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, an inmate proceeding *pro se* has filed a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.  Plaintiff also submitted a motion requesting leave to proceed *in forma pauperis.*  Doc. 2.  No ruling has been made on the *in forma pauperis* motion.

Plaintiff is incarcerated in Maryland and the named Defendants are in Fort Lauderdale, Florida.  Doc. 1.  The complaint does not allege any actions have been taken within the jurisdiction of the Northern District of Florida.  Doc. 1. The events about which Plaintiff complains allegedly occurred in Broward County, Florida, and in Baltimore, Maryland.  Because none of the Defendants are in this District and none of the actions were taken within this District, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988).  The <u>Lipofsky</u> court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* <u>Lipofsky</u>, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2005.


  s/      William C. Sherrill, Jr.              
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**